IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

AUGUSTUS GARLICK, )
 )
       Plaintiff, )
 )
-vs- )  Case No. CIV-23-209-F
 )
PF LAWTON SNF OPS, LLC, )
STONEGATE SENIOR LIVING, )
LLC, SANCTUARY LTC, LLC, and )
PRESERVATION FREEHOLD )
COMPANY, )
 )
       Defendants. )

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon federal diversity jurisdiction, 28 U.S.C. § 1332(a)(1). *See*, doc. no. 1, ¶ 39. Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that three of the defendants, PF Lawton SNF Ops LLC, Stonegate Senior Living, LLC, and Sanctuary LTC, LLC, are limited liability companies. *See*, doc. no. 1, ¶¶ 4, 9, and 16. And "[f]or diversity purposes, a limited liability company takes the citizenship of all its members." Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (quotation marks and citation omitted). Although the complaint alleges that each of the defendants' members are all citizens of the

state of Texas, *see*, doc. no. 1, ¶¶ 8, 14, 21, 35, 36, and 37, the complaint does not identify each of the members of the limited liability companies. The complaint must specifically identify each of defendants' members as well as the state of citizenship for each of those members.[1] *See*, Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted). Further, the complaint must trace the citizenship of defendants' members through "however many layers of [] members there may be[.]" *See*, Gerson v. Logan River Academy, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021).

Accordingly, the court **DIRECTS** plaintiff Augustus Garlick, the party invoking diversity jurisdiction as the basis for the court's subject-matter jurisdiction, to file an amended complaint which supplies the missing jurisdictional information regarding defendants, SP Lawton SNF Ops, LLC, Stonegate Senior Living, LLC, and Sanctuary LTC, LLC.[2]

The amended complaint shall be filed no later than fourteen days from the date of this order. The missing jurisdictional information may be alleged based upon plaintiff's information and belief. If the citizenship information required by this order is not available to plaintiff, even to the extent necessary to support pleading on

---

[1] If a member of defendant is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of defendant is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2021); Wright & Miller, 13 Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

information and belief, then plaintiff may file a motion for leave to engage in jurisdictional discovery within 14 days of the date of this order.

Failure to comply with the court's directive may result in an order which is just, including the dismissal of plaintiff's complaint and action without prejudice, without further notice to plaintiff.

DATED this 7th day of March, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0209p001.docx